NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 29 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GEORGE RAPP, individually,

Plaintiff-Appellant,

v.

FRANKLIN COUNTY, a municipal corporation; JIM RAYMOND, Sheriff of Franklin County, in his individual and official capacity,

Defendants-Appellees.

No. 22-35592

D.C. No. 4:19-cv-05150-SAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Stanley A. Bastian, Chief District Judge, Presiding

Argued and Submitted October 5, 2023
Seattle, Washington

Before: WARDLAW and M. SMITH, Circuit Judges, and HINKLE,[**] District Judge.

The Sheriff of Franklin County, Washington, terminated George Rapp, a deputy sheriff, for misconduct. An arbitrator held the termination improper under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Robert L. Hinkle, United States District Judge for the Northern District of Florida, sitting by designation.

the applicable collective bargaining agreement ("CBA") and ordered that Mr. Rapp "be reinstated," without a further description of what that meant. The sheriff put Mr. Rapp back to work but in a different position—no longer as a "road deputy" but instead in the control room of the county jail.

Mr. Rapp filed this action against the Sheriff and Franklin County (collectively, "defendants") asserting the arbitration award required reinstatement to his prior position as a road deputy. Mr. Rapp asserted state-law claims for retaliation, discrimination, defamation, and a declaration that the CBA regarding deputies applied to him, as well as a federal constitutional claim under 42 U.S.C. § 1983.

In December 2020, the district court granted summary judgment for Mr. Rapp on his claim for declaratory relief and concluded that the order of reinstatement meant that the sheriff was required to return him to his prior position of road deputy. The district court directed the clerk to enter judgment on that count, and the clerk did so.

The other counts went forward. Mr. Rapp moved for summary judgment on liability, asserting that the declaration that the CBA applied meant that Mr. Rapp was entitled to prevail on all of his claims. In opposing the motion, the defendants noted that the CBA gave the sheriff the right to reassign deputies as he chose. The district court announced it was reconsidering its December 2020 ruling, and the

court eventually did so, concluding that it was incorrect to interpret the CBA to require the sheriff to reinstate Mr. Rapp as a road deputy. The court therefore vacated its prior ruling and attendant judgment. Therefore, all claims remained pending further proceedings.

The defendants then moved for partial summary judgment. In response, Mr. Rapp chose not to make any arguments on the merits, instead stating he had no evidence supporting his claims. In effect, Mr. Rapp acquiesced in the entry of judgment for the defendants on all claims, quite deliberately pinning his entire case on appellate review of the order vacating the December 2020 order and judgment. As Mr. Rapp described it in this court, he "had to concede to case termination to . . . advance this appeal and challenge the district court's vacation."

With Mr. Rapp having announced he had no evidence to support his claims, the district court dismissed the claims, thus setting up this appeal, exactly as Mr. Rapp intended. This appeal therefore rises or falls on the assertion the district court could not properly vacate the December 2020 ruling. The appeal falls.[1]

The district court did not exceed its authority by vacating the December 2020 order and judgment granting partial summary judgment to Mr. Rapp. First, when a district court resolves fewer than all claims among all parties, the court

---

[1] We have jurisdiction under 28 U.S.C. § 1291. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

may direct entry of judgment "only if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  Otherwise, "any order or other decision, *however designated*, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities*."  *Id.* (emphasis added).  When it entered the December 2020 ruling, the district court did not expressly determine that there was no just reason for delay, so the ruling, although designated a judgment, remained subject to revision under Rule 54(b).

To be sure, Mr. Rapp cites Federal Rule of Civil Procedure 57, which addresses the procedure "for obtaining a declaratory judgment under 28 U.S.C. § 2201."  But Rule 57 does not help Mr. Rapp even if it were applicable to his claim for a declaratory judgment under Washington state law. Rule 57 says the procedure for obtaining a declaratory judgment is governed by "[t]hese rules," one of which is Rule 54(b).

Second, even if, as Mr. Rapp asserts, the December 2020 ruling was a judgment from which the defendants could obtain relief only under Federal Rule of Civil Procedure 60(b), the vacation of the judgment would still be proper.  The district court candidly acknowledged that in entering the December 2020 ruling, it had not fully considered the sheriff's authority under the CBA to assign deputies in

4

his sole discretion. Under our controlling precedent, a court has the authority to vacate a judgment under Rule 60(b) on its own motion. *See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 351–52 (9th Cir. 1999). And on the merits—even if the merits have not been abandoned at this point—the vacation was proper. The issue of whether reinstatement, as used in the arbitration award, meant return to the same position was, at least, a genuine issue of material fact, precluding summary judgment.

**AFFIRMED.**